## CUTLER v. BOARD OF EDUCATION OF BEAVER COUNTY SCHOOL DIST.

No. 3538.   Decided October 11, 1920.   (192 Pac. 621.)

SCHOOLS AND SCHOOL DISTRICTS—WHAT ITEMS MAY BE DEDUCTED FROM INDEBTEDNESS IN ASCERTAINING DEBT LIMIT. In ascertaining debt limit of county school district, under Const. article 14, sections 3, 4, prohibiting district from incurring indebtedness in excess of specified per cent. of the value of the taxable property therein, it is proper to deduct from the present indebtedness the amount of sinking fund available for reducing indebtedness, and the amount assessed and levied for sinking fund purposes and for funds to apply on present bonded indebtedness; but it is not proper to deduct from such present indebtedness amount of taxes levied and assessed for general school purposes, since proceeds of such levy will not be used to reduce the existing indebtedness, but will be applied to payment of debts to be incurred during the year.

Original proceeding in prohibition by R. B. Cutler against the Board of Education of Beaver County School District to prohibit defendant from selling bonds of the par value of certain amount.   On demurrer to petition.

DEMURRER OVERRULED as to bonds in excess of specified amount, and SUSTAINED as to bonds to such amount, and WRIT PROHIBITING DEFENDANT FROM SELLING BONDS IN AMOUNT IN EXCESS THEREOF ISSUED.

*Russel E. Parsons,* of Milford, for plaintiff.

*H. L. Mulliner,* of Salt Lake City, for defendant.

CORFMAN, C. J.

This is an original proceeding in this court, instituted by the plaintiff, a resident and taxpayer of Beaver county, Utah, to prohibit and restrain the defendant, board of education of said Beaver county school district, from selling bonds of the said school district of the par value of $76,000 upon the ground that said indebtedness will exceed the constitutional and statutory debt limit of the district. It is in substance alleged by the plaintiff that said school district now has an outstanding bonded indebtedness of $330,350; that the taxable property of the district for the year 1920 is $7,833,274; that there is now in the sinking fund, available for reducing a portion of said bonded indebtedness, $26,231.92; that there has been regularly levied for the year 1920 a tax of one and twenty-five hundredths mills per dollar upon the said taxable property in said district, amounting to $9,891.50, for the purpose of increasing said sinking fund; that at a special election called and held for that purpose the qualified voters of said district have authorized the levy of a five-mill tax in the year 1920 for the purpose of partly paying $124,000 of said bonded indebtedness created in 1920, which said five-mill tax for the year amounts to $39,166.37; that there has also been levied a regular school tax of five mills per dollar for the year 1920, which amounts to $39,166.77, all of which is available and may be used to reduce the total indebtedness of the district or used for general school purposes; that all of said tax levies were made in compliance with the statutes of Utah and are now due and collectible. It is then alleged in the plaintiff's petition that the defendant school board claims the right to deduct from the existing indebtedness of the district the said several amounts, including the general levy of $39,166.37 for general school purposes, to enable the district to make sale of said $76,000 of its bonds, without exceeding the legal debt limit.

Defendant has filed a general demurrer to the petition, thus challenging the sufficiency of the petition and giving rise to the question as to whether or not the defendant's pro-

posed sale of said bonds in the sum of $76,000 would be in excess of constitutional and statutory authority in view of said proposed deductions.

Section 3 of article 14 of the state Constitution provides:

"No debt in excess of the taxes for the current year shall be created by any county or subdivision thereof, or by any school district therein, or by any city, town or village, or any subdivision thereof in this state; unless the proposition to create such debt, shall have been submitted to a vote of such qualified electors as shall have paid a property tax therein, in the year preceding such election, and a majority of those voting thereon shall have voted in favor of incurring such debt."

Section 4 of the same article, in so far as may be pertinent here, further provides:

"No city, town, school district or other municipal corporation, shall become indebted to an amount, including existing indebtedness, exceeding four per centum of the value of the taxable property therein, the value to be ascertained by the last assessment for state and county purposes, previous to the incurring of such indebtedness."

Under the foregoing constitutional provisions it must be, and it is, conceded by the parties to this action that the school district of Beaver county may not legally become indebted to an amount, including existing indebtedness, exceeding four per centum of the value of its taxable property to be ascertained by the last previous assessment for state and county purposes, which value was, as is alleged by the petition, $7,833,274. The four per centum debt limit of Beaver county school district for the year 1920, therefore, amounts to $313,330.96. It is further shown by the petition that the present bonded indebtedness of the district amounts to (without deductions) $330,350, being $17,019.14 in excess of the debt limit. However, as has been seen and is shown by the petition, the district has available as assets a sinking fund of $26,231.92, a special tax levy for sinking fund purposes for the year 1920 of $9,891.50, a special school levy for the purpose of reducing its indebtedness aforesaid of $39,166.37, and also a levy for general school purposes for the year 1920 of $39,166.37. It is contended by the defendant that the fore-

going several assessments and levies have been regularly placed upon the assessment rolls of the county and are in the hands of the proper county officers for collection, and that they, including said sinking fund, are all available and can be treated as legal assets in determining the net limitation of the indebtedness of the school district.

As yet we have in this state no constitutional or statutory expression as to what items or sources of revenue may be regarded as proper reductions in the determination of the debt limit of a county school district. However, in the absence of any such expression, both upon principle and authority we think that it is well-settled law that the item of $26,-231.92, cash on hand as a sinking fund, may be regarded as a legal offset in arriving at the amount of the constitutional debt limit of the district. To the extent of this item, under the great weight of authority, the school district must be held to be operating on a cash basis and this amount may be deducted from the sum total of its present indebtedness of $330,350. 1 Dillon, Mun. Corps. (5th Ed.) section 197, page 396; 2 McQuillin, Mun. Corps. section 2238, page 4745; 24 R. C. L. page 611. Furthermore, we are of the opinion that the contention made by the defendant that the special levy of $9,891.50 for sinking fund purposes for the year 1920, and the special school levy of five mills for the year 1920, amounting to $39,166.37, to be applied on the present bonded indebtedness of the district are legal offsets or deductions, and to be so regarded in arriving at the debt limit of the district. These items were created for the express purpose of paying and discharging the existing indebtedness of the district, and when so applied the district may also be said to be operating on a cash basis to the extent of these two items. 1 Dillon, Mun. Corps. (5th Ed.) section 194, page 354; 24 R. C. L. page 611; *Fenton* v. *Blair,* 11 Utah, 78, 39 Pac. 485.

The special levy of $39,166.37 for general school purposes for the year 1920, claimed by defendant as an offset to the existing indebtedness of the district, however, presents much greater difficulties. While the levy has been legally made and the collection of the tax may be regarded as a certainty,

it is difficult to conceive any theory upon which these taxes may be legally applied for the reduction of the bonded indebtedness complained of by petitioner.  Presumably the district, if not already, will be during the year 1920, under contractual obligations to the amount of this tax for the proper support and maintenance of its public schools.  If in theory these taxes may be legally applied in the reduction of the existing bonded indebtedness of the district, then necessarily, to that extent, the district, when said item is so applied, instantaneously becomes indebted in the same amount for general school purposes.  We do not think the application of this levy to the existing bonded indebtedness, nor the treating of this item as an offset in determining the legal debt limit of the district, would be in keeping with the spirit of our State Constitution but would be a direct violation of the purposes for which the fund was created and intended to be applied. In our judgment, this item claimed by defendant as an offset to the existing bonded indebtedness of the district should be, for the purpose of arriving at the debt limit of the district, excluded.

As pointed out, the present bonded indebtedness of the school district amounts to $330,350; that four per centum of the taxable property of the district amounts to $313,330.96, leaving a present excess indebtedness, without deductions or offsets, of $17,019.04, which, with the $76,000 proposed bond sale, amounts to an excess of $93,019.04, from which amount the defendant may legally deduct, for the purpose of arriving at its debt limit, $26,231.92, the sinking fund on hand, $9,891.50, the special levy for increasing the sinking fund, and the special levy of $39,166.37 to be applied as payment on bonds, in all the sum of $75,289.79.  Allowing the sum total of these offsets, $75,289.79, to be deducted from the apparent excess of the debt limit of the district, including the $76,000 bonds being offered for sale, amounting to $93,019.04, it appears that by the sale of the $76,000 in bonds the district would be exceeding its lawful debt limit in the sum of $17,-729.25.  However, it will be seen that the sale of $58,270.75 of said bonds would not be in excess of the debt limit.

In view of what has been said, and for the reason that the items which are claimed by the defendant should be deducted from the bonded indebtedness are all segregated, and may thus be separately considered, and that the question whether all or any of those items may properly be deducted from the bonded indebtedness may be determined as a question of law, it follows that the demurrer should be sustained in part and overruled in part. The demurrer, therefore, is overruled as to all bonds that are attempted to be sold in excess of the sum of $58,270.75, and the demurrer is sustained as to that amount.

A peremptory writ of prohibition will therefore issue, prohibiting the defendant from selling any bonds of the issue in question here in excess of said $58,270.75, and it will be permitted to sell any amount not in excess of said sum.

FRICK, · WEBER, GIDEON, and THURMAN, JJ., concur.